SKA11396
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Civ. No.:  22-cv-6042
MICHAEL VOLKL,

                                          Plaintiff,          NOTICE OF REMOVAL

              -against-

MOYNIHAN STATION DEVELOPMENT
CORPORATION, EMPIRE STATE
DEVELOPMENT CORPORATION, NEW YORK
STATE URBAN DEVELOPMENT
CORPORATION, NATIONAL RAILROAD
PASSENGER CORPORATION, SKANSKA USA
INC., THE RELATED COMPANIES, INC., and
THE RELATED COMPANIES, L.P.,

                                   Defendants.
------------------------------------------------------------------X

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

       Pursuant to 28 U.S.C. §1331 et seq.,  MOYNIHAN   STATION   DEVELOPMENT

CORPORATION, EMPIRE STATE DEVELOPMENT CORPORATION, NEW YORK STATE

URBAN DEVELOPMENT CORPORATION, NATIONAL RAILROAD PASSENGER

CORPORATION, SKANSKA USA INC., THE RELATED COMPANIES, INC., and THE

RELATED COMPANIES, L.P., hereby remove this action for resolution of the federal questions

presented.   As  grounds  for  removal, "MOYNIHAN  STATION  DEVELOPMENT

CORPORATION, EMPIRE STATE DEVELOPMENT CORPORATION, NEW YORK STATE

URBAN DEVELOPMENT CORPORATION, NATIONAL RAILROAD PASSENGER

CORPORATION, SKANSKA USA INC., THE RELATED COMPANIES, INC., and THE

RELATED COMPANIES, L.P." state:

a)      On June 23, 2022, plaintiff MICHAEL VOLKL filed a Summons and Verified Complaint in the Supreme Court of the State of New York, County of New York seeking damages against NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), among others for alleged personal injuries he claims to have sustained on May 1, 2019 at 34TH Street and 8th Avenue (Basement at Moynihan Station) in the Borough of Manhattan, City and State of New York.  .  A copy of the Summons and Verified Complaint bearing the assigned Index Number, 155259/2022, is annexed hereto as "Exhibit A".

b)      Defendants first received notice of plaintiff's complaint on June 24, 2022. Accordingly, removal to this court is timely under 28 U.S.C. §1446(b).

c)      On July 14, 2022 defendants filed a Verified Answer plaintiff's complaint.  A copy of such Answer is annexed hereto as Exhibit "B".

d)      This action is removable under 28 U.S.C. §1331 in that NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK is federally charted and a federally owned corporation under Federal Law within the meaning of 28 U.S.C §1331.  National Railroad Passenger Corporation (Amtrak) is a District of Columbia corporation that was authorized to be created by the Rail Passenger Service Act, 49 U.S.C. §24101 et seq.

Amtrak has no parent corporation.  It has three wholly owned subsidiaries:  Passenger Railroad Insurance Limited (PRIL), Washington Terminal Company (WTC), and NERI PCC, Inc. (NERI).

The United States holds, through the U.S. Secretary of Transportation, 100% of Amtrak's preferred stock (109,396,994 shares at $100 par value).  Amtrak's common stock (9,385,694 shares at $10 par value) is held by American Premier Underwriters, Inc. (55.8%; a wholly owned, not publicly traded, subsidiary of American Financial Group, Inc., which is publicly

traded), Burlington Northern and Santa Fe LLC (35.7%; BNSF LLC is a wholly-owned, not publicly traded, subsidiary of Berkshire Hathaway, which is publicly traded) Canadian Pacific Railway (6.3%), and Canadian National Railway (2.2%).  None of Amtrak's stock is publicly traded.

Actions involving federally chartered and federally owned corporations arise under federal law within the meaning of 28 U.S.C. 1331.  Eichelberg v. National R.R. Passenger Corp., 57 F.3d 1179 (2nd Cir. 1995);    Yegoryan v. Amtrak, 2008 U.S. DIst. LEXIS 87672, 2008 WL 4559977 (E.D.N.Y. 2008);  Wyant v. National R.R. Passenger Corp., 881 F. Supp. 919 (S.D.N.Y. 1995); Lofurno v. Amtrak N.R. Corp., 1992 U.S. Dist. LEXIS 9520, 1992 WL 170646 (S.D.N.Y. 1992).

e)    This Court has pendent jurisdiction over the plaintiffs' state law claims and/or supplemental jurisdiction pursuant to 28 U.S.C. §1441.

f)    The Summons and Verified Complaint attached as Exhibit "A" and the Verified Answer attached as Exhibit "B" are the only process, pleadings or order served at the time of this removal notice.

g)    Contemporaneously with this filing, defendants are serving copies of this Notice upon counsel for plaintiff and the Clerk of the Supreme Court of the State of New York, County of New York.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendants demand a trial  by

jury of all issues so triable.

Dated: Mineola, New York
       July 14, 2022

                                 Respectfully Submitted,

                                 ARMIENTI, DeBELLIS & RHODEN, LLP

                                            \s\
                                 MICHAEL ARMIENTI, ESQ. (MA9401)
                                 170 Old Country Road, Ste. 607
                                 Mineola, New York 11501
                                 (516) 877-1202
                                 Attorneys for Defendants

TO:   Meltzer, Fishman, Madigan & Campbell, Esq.
      Attorneys for Plaintiff
      225 Broadway, Suite 2605
      New York, NY 10007
      (212) 227-1980

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing instrument was forwarded this ___15th___ day of July 2022, by first class mail, postage prepaid to:

Meltzer, Fishman, Madigan & Campbell, Esq.
Attorneys for Plaintiff
225 Broadway, Suite 2605
New York, NY 10007
(212) 227-1980


_____\s_____
MICHAEL ARMIENTI (MA9401)

EXHIBIT "A"

(Page 2 of 13)

FILED: NEW YORK COUNTY CLERK 06/21/2022 01:16 PM
NYSCEF DOC. NO. 1

INDEX NO. 155259/2022
RECEIVED NYSCEF: 06/23/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| MICHAEL VOLKL, | Index No.: |
| | Date of Purchase: |
| | Plaintiff designates |
| | New York County as the place |
| | of trial. |
| Plaintiff(s), | |
| | The basis of the venue is |
| -against- | Defendants' place of business |
| | and Place of incident. |
| MOYNIHAN STATION DEVELOPMENT | |
| CORPORATION, EMPIRE STATE DEVELOPMENT | **SUMMONS** |
| CORPORATION, NEW YORK STATE URBAN | |
| DEVELOPMENT CORPORATION, NATIONAL | |
| RAILROAD PASSENGER CORPORATION, SKANSKA | |
| USA INC., THE RELATED COMPANIES, INC. and | Plaintiff resides at |
| THE RELATED COMPANIES, L.P. | 3698 Locust Avenue |
| | Seaford, New York 11783 |
| Defendant(s). | County of Nassau |

To the above-named Defendants:

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, June 10, 2022

Defendants' addresses:

Defs.: MOYNIHAN STATION DEVELOPMENT
CORPORATION
Via Secretary of State
C/O Empire State Development Corp.
633 Third Avenue, 37th Floor
New York, New York 10017

EMPIRE STATE DEVELOPMENT CORPORATION
Via Secretary of State
633 Third Avenue, 37th Floor
New York, New York 10017

NEW YORK STATE URBAN DEVELOPMENT CORPORATION
633 Third Avenue, 37th Floor
New York, New York 10017

MELTZER, FISHMAN,
MADIGAN & CAMPBELL, ESQS,
Attorneys for Plaintiff
225 Broadway, Suite 2605
New York, New York 10007
(212) 227-1980

By:
EDWARD J. MADIGAN
File Number 3840

FILED: NEW YORK COUNTY CLERK 06/21/2022 01:16 PM

NYSCEF DOC. NO. 1

INDEX NO. 155259/2022

RECEIVED NYSCEF: 06/23/2022

NATIONAL RAILROAD PASSENGER CORPORATION
60 Massachusetts Avenue, NE
Washington, D.C. 20002

SKANSKA USA, INC.
Via Secretary of State
350 Fifth Avenue, 32nd Floor
New York, New York 10118

THE RELATED COMPANIES, INC.
Via Secretary of State
60 Columbus Circle
New York, New York 10023

THE RELATED COMPANIES, L.P.
Via Secretary of State
60 Columbus Circle
New York, New York 10023

Notice: The nature of this action is personal injuries.

The relief sought is monies in the sum in excess of jurisdictional limits together with the interest, costs and disbursements of this action. Upon your failure to appear, judgment will be taken against you by default for the sum of $            with interest from            2022 and the costs of this action.

FILED: NEW YORK COUNTY CLERK 06/21/2022 01:16 PM
INDEX NO. 155259/2022

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 06/23/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
MICHAEL VOLKL,

                                    Plaintiff(s),          VERIFIED COMPLAINT

        -against-                                          Index No.:
                                                          Date of Purchase:

MOYNIHAN STATION DEVELOPMENT
CORPORATION, EMPIRE STATE DEVELOPMENT
CORPORATION, NEW YORK STATE URBAN
DEVELOPMENT CORPORATION, NATIONAL
RAILROAD PASSENGER CORPORATION, SKANSKA
USA INC., THE RELATED COMPANIES, INC. and
THE RELATED COMPANIES, L.P.

                                    Defendant(s).
-----------------------------------------------------------------X
        Plaintiff, MICHAEL VOLKL, by his attorneys, MELTZER, FISHMAN, MADIGAN

& CAMPBELL, complaining of the defendants, respectfully alleges:

        FIRST:        At all times herein mentioned, plaintiff, MICHAEL VOLKL, was

and still is a resident of Seaford, County of Nassau and State of New York.

        SECOND:       Upon information and belief, defendant, MOYNIHAN STATION

DEVELOPMENT CORPORATION, was a corporation licensed to do business in the State of

New York.

        THIRD:        Upon information and belief, defendant, MOYNIHAN STATION

DEVELOPMENT CORPORATION, maintains a business office at 633 Third Avenue, 37th

Floor, New York, New York 10017.

        FOURTH:       At all times hereinafter mentioned defendant, MOYNIHAN

STATION DEVELOPMENT CORPORATION, was engaged in the business of construction,

general contracting and construction management for the real property and improved real

property and improved real property.

FILED: NEW YORK COUNTY CLERK 06/21/2022 01:16 PM

NYSCEF DOC. NO. 1

INDEX NO. 155259/2022

RECEIVED NYSCEF: 06/23/2022

FIFTH:    Upon information and belief, defendant, MOYNIHAN STATION DEVELOPMENT CORPORATION, was the owner and/or managing agent of the real property and improved real property known as Basement of the Moynihan Station, 34th Street and Eighth (8th) Avenue, New York, New York.

SIXTH:    Upon information and belief, defendant, EMPIRE STATE DEVELOPMENT CORPORATION, was a corporation licensed to do business in the State of New York.

SEVENTH:    Upon information and belief, defendant, EMPIRE STATE DEVELOPMENT CORPORATION, maintains a business office at 633 Third Avenue, 37th Floor, New York, New York 10017.

EIGHTH:    At all times hereinafter mentioned defendant, EMPIRE STATE DEVELOPMENT CORPORATION, was engaged in the business of construction, general contracting and construction management for the real property and improved real property and improved real property.

NINTH:    Upon information and belief, defendant, EMPIRE STATE DEVELOPMENT CORPORATION, was the owner and/or managing agent of the real property and improved real property known as Basement of the Moynihan Station, 34th Street and Eighth (8th) Avenue, New York, New York.

TENTH:    Upon information and belief, defendant, NEW YORK STATE URBAN DEVELOPMENT CORPORATION, was a corporation licensed to do business in the State of New York.

ELEVENTH:    Upon information and belief, defendant, NEW YORK STATE URBAN DEVELOPMENT CORPORATION, maintains a business office at 633 Third Avenue, 37th Floor, New York, New York 10017.

FILED: NEW YORK COUNTY CLERK 06/21/2022 01:16 PM

NYSCEF DOC. NO. 1

INDEX NO. 155259/2022

RECEIVED NYSCEF: 06/23/2022

TWELFTH:   At all times hereinafter mentioned defendant, NEW YORK STATE URBAN DEVELOPMENT CORPORATION, was engaged in the business of construction, general contracting and construction management for the real property and improved real property and improved real property.

THIRTEENTH:   Upon information and belief, defendant, NEW YORK STATE URBAN DEVELOPMENT CORPORATION, was the owner and/or managing agent of the real property and improved real property known as Basement of the Moynihan Station, 34th Street and Eighth (8th) Avenue, New York, New York.

FOURTEENTH:   Upon information and belief, defendant, NEW YORK STATE URBAN DEVELOPMENT CORPORATION, was a corporation licensed to do business in the State of New York.

FIFTEENTH:   Upon information and belief, defendant, NEW YORK STATE URBAN DEVELOPMENT CORPORATION, maintains a business office at 633 Third Avenue, 37th Floor, New York, New York 10017.

SIXTEENTH:   At all times hereinafter mentioned defendant, NEW YORK STATE URBAN DEVELOPMENT CORPORATION, was engaged in the business of construction, general contracting and construction management for the real property and improved real property and improved real property.

SEVENTEENTH:   Upon information and belief, defendant, NEW YORK STATE URBAN DEVELOPMENT CORPORATION, was the owner and/or managing agent of the real property and improved real property known as Basement of the Moynihan Station, 34th Street and Eighth (8th) Avenue, New York, New York.

EIGHTEENTH:   Upon information and belief, defendant, NATIONAL RAILROAD PASSENGER CORPORATION, was a corporation licensed to do business in the State of New York.

FILED: NEW YORK COUNTY CLERK 06/21/2022 01:16 PM

INDEX NO. 155259/2022
RECEIVED NYSCEF: 06/23/2022

NYSCEF DOC. NO. 1

NINETEENTH: Upon information and belief, defendant, NATIONAL RAILROAD PASSENGER CORPORATION, maintains a business office at 60 Massachusetts Avenue, NE, Washington, DC 20002.

TWENTY: At all times hereinafter mentioned defendant, NATIONAL RAILROAD PASSENGER CORPORATION, was engaged in the business of construction, general contracting and construction management for the real property and improved real property and improved real property.

TWENTY-ONE: Upon information and belief, defendant, NATIONAL RAILROAD PASSENGER CORPORATION, was the owner and/or managing agent of the real property and improved real property known as Basement of the Moynihan Station, 34th Street and Eighth (8th) Avenue, New York, New York.

TWENTY-TWO: Upon information and belief, defendant, SKANSKA USA, INC., was a corporation licensed to do business in the State of New York.

TWENTY-THREE: Upon information and belief, defendant, SKANSKA USA, INC., maintains a business office at 350 Fifth Avenue, 32nd Floor, New York, New York 10118.

TWENTY-FOUR: At all times hereinafter mentioned defendant, SKANSKA USA, INC., was engaged in the business of construction, general contracting and construction management for the real property and improved real property and improved real property.

TWENTY-FIVE: Upon information and belief, defendant, SKANSKA USA, INC., was the owner and/or managing agent of the real property and improved real property known as Basement of the Moynihan Station, 34th Street and Eighth (8th) Avenue, New York, New York.

TWENTY-SIX: Upon information and belief, defendant, THE RELATED COMPANIES, INC., was a corporation licensed to do business in the State of New York.

Case 1:22-cv-06042-MKV   Document 1   Filed 07/15/22   Page 13 of 26

FILED: NEW YORK COUNTY CLERK 06/21/2022 01:16 PM

NYSCEF DOC. NO. 1

INDEX NO. 155259/2022
RECEIVED NYSCEF: 06/23/2022

TWENTY-SEVEN:    Upon information and belief, defendant, THE RELATED COMPANIES, INC., maintains a business office at 60 Columbus Circle, New York, New York 10023.

TWENTY-EIGHT:    At all times hereinafter mentioned defendant, THE RELATED COMPANIES, INC., was engaged in the business of construction, general contracting and construction management for the real property and improved real property and improved real property.

TWENTY-NINE:    Upon information and belief, defendant, THE RELATED COMPANIES, INC., was the owner and/or managing agent of the real property and improved real property known as Basement of the Moynihan Station, 34th Street and Eighth (8th) Avenue, New York, New York.

THIRTY:    Upon information and belief, defendant, THE RELATED COMPANIES, L.P., was a corporation licensed to do business in the State of New York.

THIRTY-ONE:    Upon information and belief, defendant, THE RELATED COMPANIES, L.P., maintains a business office at 60 Columbus Circle, New York, New York 10023.

THIRTY-TWO:    At all times hereinafter mentioned defendant, THE RELATED COMPANIES, L.P., was engaged in the business of construction, general contracting and construction management for the real property and improved real property and improved real property.

THIRTY-THREE:    Upon information and belief, defendant, THE RELATED COMPANIES, L.P., was the owner and/or managing agent of the real property and improved real property known as Basement of the Moynihan Station, 34th Street and Eighth (8th) Avenue, New York, New York.

FILED: NEW YORK COUNTY CLERK 06/21/2022 01:16 PM

NYSCEF DOC. NO. 1

INDEX NO. 155259/2022

RECEIVED NYSCEF: 06/23/2022

THIRTY-FOUR:    Upon information and belief, defendants, MOYNIHAN STATION DEVELOPMENT CORPORATION, EMPIRE STATE DEVELOPMENT CORPORATION, NEW YORK STATE URBAN DEVELOPMENT CORPORATION, NATIONAL RAILROAD PASSENGER CORPORATION, SKANSKA USA INC., THE RELATED COMPANIES, INC. and THE RELATED COMPANIES, L.P., would provide construction services including but not limited to construction management, general contracting, coordination of subcontractors and safety services for the Basement of the Moynihan Station, 34th Street and Eighth (8th) Avenue, New York, New York.

THIRTY-FIVE:    Upon information and belief, defendants, MOYNIHAN STATION DEVELOPMENT CORPORATION, EMPIRE STATE DEVELOPMENT CORPORATION, NEW YORK STATE URBAN DEVELOPMENT CORPORATION, NATIONAL RAILROAD PASSENGER CORPORATION, SKANSKA USA INC., THE RELATED COMPANIES, INC. and THE RELATED COMPANIES, L.P., entered into an agreement with plaintiff's employer, Gilston Electric, and/or another subcontractor whereby Gilston Electric would provide construction and electrical services at the premises known as the Basement of the Moynihan Station, 34th Street and Eighth (8th) Avenue, New York, New York.

THIRTY-SIX:    At all times herein mentioned, defendants, by and through their respective employees, agents and/or servants, operated the aforesaid premise and property.

THIRTY-SEVEN:    At all times herein mentioned, defendants, by and through their respective employees, agents and/or servants, managed the aforesaid premise and property.

THIRTY-EIGHT:    At all times herein mentioned, defendants, by and through their respective employees, agents and/or servants, inspected the aforesaid premise and property.

FILED: NEW YORK COUNTY CLERK 06/21/2022 01:16 PM
NYSCEF DOC. NO. 1

INDEX NO. 155259/2022
RECEIVED NYSCEF: 06/23/2022

THIRTY-NINE:     At all times herein mentioned, defendants, by and through their respective employees, agents and/or servants, controlled the aforesaid premise and property.

FORTY:     At all times herein mentioned, defendants, by and through their respective employees, agents and/or servants, repaired the previously mentioned premise and property.

FORTY-ONE:     At all times herein mentioned, defendants were charged with and did in fact exercise control over the Basement of the Moynihan Station, 34th Street and Eighth (8th) Avenue, New York, New York.

FORTY-TWO:     It is the duty of defendants, its agents, servants and/or employees to maintain the Basement of the Moynihan Station, 34th Street and Eighth (8th) Avenue, New York, New York under its control; in a reasonable safe condition and a safe area for the construction workers under the Labor Law and the Industrial Code of the State of New York.

FORTY-THREE:     The said occurrence was due to the carelessness and negligence of the defendants, acting by and through their respective officers, directors, agents and employees, in the ownership, inspection, management, maintenance, operation and control of the aforesaid premises in that the defendants failed to correct said conditions, in that the defendants allowed said unsafe conditions to exist and remain for a long and unreasonable period prior to the occurrence, although said defendants, acting by and through its officers, directors, agents and employees, knew or should have known of the existence of said conditions, and, although having the full opportunity to correct or remove said conditions prior to the occurrence failed to do so. Upon information and belief, defendant had actual and constructive notice of these conditions.

FILED: NEW YORK COUNTY CLERK 06/21/2022 01:16 PM

NYSCEF DOC. NO. 1

INDEX NO. 155259/2022

RECEIVED NYSCEF: 06/23/2022

FORTY-FOUR:       On September 5, 2019, at approximately 1:30 P.M. plaintiff, MICHAEL VOLKL, was caused to sustain serious personal injury when he fell off a ladder at the aforesaid premise.

FORTY-FIVE:       Upon information and belief, defendants, had actual notice of the aforesaid conditions, which caused plaintiff to injure himself prior to this incident.

FORTY-SIX:        Upon information and belief, defendants, had constructive notice of the aforesaid conditions, which caused plaintiff to injure himself prior to this incident.

FORTY-SEVEN:      That the aforesaid incident was due solely to defendants' negligent operation, maintenance, inspection, control and repair of the Basement of the Moynihan Station, 34th Street and Eighth (8th) Avenue, New York, New York. Additionally, defendants violated the Labor Law of the State of New York and the Industrial Code of the State of New York.

FORTY-EIGHT:      As a result of this incident, plaintiff, MICHAEL VOLKL, was caused to sustain severe and serious personal injuries, to experience pain, to become impaired and disabled; and to require medical treatment and care.

FORTY-NINE:       Plaintiff was not contributory negligent.

WHEREFORE, plaintiff, MICHAEL VOLKL, demands judgment against the defendants in the amount in a sum in excess of the jurisdictional limits of all inferior Courts, together with the interest, cost and disbursements of this action.

DATED:       New York, New York
             June 10, 2022

Yours, etc.,
MELTZER, FISHMAN, MADIGAN &
CAMPBELL, ESQS.
Attorneys for Plaintiff
225 Broadway, Suite 2605
New York, NY 10007
(212) 227-1980
BY_____
             EDWARD J. MADIGAN
Our File No.: 3899

FILED: NEW YORK COUNTY CLERK 06/21/2022 01:16 PM

NYSCEF DOC. NO. 1

INDEX NO. 155259/2022

RECEIVED NYSCEF: 06/23/2022

STATE OF NEW YORK }
} ss:
COUNTY OF Nassau }

MICHAEL VOLKL, being sworn, deposes and says:

I am the plaintiff in the action herein. I have read the summons with notice and verified complaint know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

x Michael Volkl
MICHAEL VOLKL

Sworn to me before this
___ day of June 2022

NOTARY PUBLIC

x

EDWARD J. MADIGAN
Notary Public, State of New York
No. 02MA4960600
Qualified in Suffolk County
Commission Expires July 28, 20__

FILED: NEW YORK COUNTY CLERK 06/21/2022 01:16 PM

NYSCEF DOC. NO. 1

INDEX NO. 155259/2022

RECEIVED NYSCEF: 06/23/2022

INDEX NO.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

MICHAEL VOLKL,

Plaintiff(s),

-against-

MOYNIHAN STATION DEVELOPMENT CORPORATION, EMPIRE STATE
DEVELOPMENT CORPORATION, NEW YORK STATE URBAN DEVELOPMENT
CORPORATION, NATIONAL RAILROAD PASSENGER CORPORATION, SKANSKA
USA INC., THE RELATED COMPANIES, INC. and THE RELATED COMPANIES, L.P.

Defendant(s).

-------------------------------------------------------------------X

## SUMMONS AND VERIFIED COMPLAINT

**MELTZER, FISHMAN, MADIGAN & CAMPBELL**
*Attorneys for Plaintiff*
**225 BROADWAY**
**NEW YORK, N.Y. 10007**
**(212) 227-1980**

To:
*Attorney(s) for*

*Service of a copy of the within*      *is hereby admitted.*
*Dated:*

         *Attorney(s) for*

*PLEASE TAKE NOTICE*

*that the within is a (certified) true copy of a*

Notice of    *entered in the office of the clerk of the within named Court on*     20
Entry

*that an Order of which the within is a true copy will be presented for settlement to*

Notice of    *the Hon.*         *one of the judges of the within named Court,*
Settlement      *at*
        *on*        20  ,at    M.

*Dated:*

**MELTZER, FISHMAN, MADIGAN & CAMPBELL**
*Attorneys for Plaintiff*
**225 BROADWAY**
**NEW YORK, N.Y. 10007**

To:
*Attorney(s) for*

.

# EXHIBIT "B"

FILED: NEW YORK COUNTY CLERK 07/14/2022 12:43 PM
NYSCEF DOC. NO. 6

INDEX NO. 155259/2022
RECEIVED NYSCEF: 07/14/2022

SKA11379
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
MICHAEL VOLKL,

                                Plaintiff,

           -against-

MOYNIHAN STATION DEVELOPMENT
CORPORATION, EMPIRE STATE
DEVELOPMENT CORPORATION, NEW YORK
STATE URBAN DEVELOPMENT
CORPORATION, NATIONAL RAILROAD
PASSENGER CORPORATION, SKANSKA USA
INC., THE RELATED COMPANIES, INC., and
THE RELATED COMPANIES, L.P.,

                              Defendants.
-------------------------------------------------------------------X

**VERIFIED ANSWER**

Index No.: 155259/2022

       Defendants, MOYNIHAN STATION DEVELOPMENT CORPORATION, EMPIRE

STATE DEVELOPMENT CORPORATION, NEW YORK STATE URBAN DEVELOPMENT

CORPORATION, NATIONAL RAILROAD PASSENGER CORPORATION, SKANSKA USA

INC., THE RELATED COMPANIES, INC., and THE RELATED COMPANIES, L.P. by their

attorneys, ARMIENTI, DeBELLIS & RHODEN, LLP, as and for a Verified Answer to the plaintiffs'

Verified Complaint, herein allege as follows:

       FIRST:        Denies knowledge or information sufficient to form a belief as to the truth of

the allegation contained in paragraph "FIRST" of the Complaint.

       SECOND:    Denies each and every allegation contained in paragraph(s) "SECOND",

"THIRD", "FOURTH", "FIFTH", "SIXTH", "SEVENTH", "EIGHTH", "NINTH", "TENTH",

"ELEVENTH", "TWELFTH", "THIRTEENTH", "FOURTEENTH", "FIFTEENTH",

"SIXTEENTH", "SEVENTEENTH", "EIGHTEENTH", "TWENTIETH", "TWENTY-FIRST",

"TWENTY-SECOND", "TWENTY-THIRD", "TWENTY-FOURTH", "TWENTY-FIFTH",

"TWENTY-SIXTH", "TWENTY-SEVENTH", "TWENTY-EIGHTH", "TWENTY-NINTH",

"THIRTIETH", "THIRTY-FIRST", "THIRTY-SECOND", "THIRTY-THIRD", "THIRTY-

INDEX NO. 155259/2022

RECEIVED NYSCEF: 07/14/2022

FOURTH, "THIRTY-FIFTH", "THIRTY-SIXTH", "THIRTY-SEVENTH", "THIRTY-EIGHTH", "THIRTY-NINTH", "FOURTIETH", "FORTY-FIRST", "FORTY-SECOND", "FORTY-THIRD", "FORTY-FOURTH", "FORTY-FIFTH", "FORTY-SIXTH", "FORTY-EIGHTH" and "FORTY-NINTH" of the Complaint.

THIRD:      Admits upon information and belief the allegations contained in paragraph(s) "NINTEENTH" of the Complaint.

FOURTH:    Denies each and every allegation contained in paragraph(s) "FORTY-SEVENTH" of the Complaint and respectfully refers all questions of law to the determination of the Trial Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FIFTH:That the culpable conduct of the plaintiff including comparative negligence and assumption of risk, caused, in whole or in part, the damages claimed herein, and pursuant to CPLR Rule 1411, said damages should be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused said damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SIXTH:      The complaint herein fails to state a cause of action upon which relief may be granted, and is thus fatally defective.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SEVENTH:   Plaintiff is barred from recovery pursuant to the provisions of the Worker's Compensation Law, in that his sole remedy for the injuries alleged is a claim for Workers' Compensation.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

EIGHTH:        If, at the time of trial, any of the issues herein have finally been determined wholly or partially against the plaintiff by a tribunal, forum or court, all of competent jurisdiction, then in that event, the plaintiff will be estopped from relitigating such issue or issues.

FILED: NEW YORK COUNTY CLERK 07/14/2022 12:43 PM
NYSCEF DOC. NO. 6

INDEX NO. 155259/2022
RECEIVED NYSCEF: 07/14/2022

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

NINTH:     If any liability is found against the answering defendants, then said liability will constitute 50% or less of the total liability assigned to all persons liable, and as such, the liability of this answering defendants to plaintiff and/or defendants, third-party plaintiffs, for non-economic loss shall be limited and shall not exceed this answering defendants' equitable share, as provided in Article 16 of the CPLR.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TENTH:     That all the dangers and risks incident to the situation mentioned in the complaint were open, obvious and apparent and were known and assumed by plaintiff.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

ELEVENTH:  Defendants allege that the plaintiff failed to comply with the requirements under CPLR Section 306-b.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

TWELFTH:   Defendants state that plaintiff could have avoided the injuries and damages alleged herein.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTEENTH:     Defendants state that plaintiff failed to take any or sufficient action, or such action as was necessary, to mitigate or minimize the injuries and damages alleged or the conditions that allegedly gave rise to those purported injuries or damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

FOURTEENTH:     That in the event of any judgment or verdict on behalf of the plaintiff, the defendant is entitled to a set-off or verdict with respect to the amounts of any payments made to the plaintiff for medical and other expenses prior thereto.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

FIFTEENTH: Plaintiff has/have failed, as a condition precedent to commencement of the instant lawsuit, to properly plead as to defendants, EMPIRE STATE DEVELOPMENT CORPORATION and NEW YORK STATE URBAN DEVELOPMENT CORPORATION, as

FILED: NEW YORK COUNTY CLERK 07/14/2022 12:43 PM

NYSCEF DOC. NO. 6

INDEX NO. 155259/2022

RECEIVED NYSCEF: 07/14/2022

required by the Public Authorities Law.

<u>**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**</u>

SIXTEENTH: Plaintiff was a recalcitrant worker as defined by Statute and Common Law and is not entitled to recover for his alleged injuries.

<u>**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**</u>

SEVENTEENTH:     Plaintiff was the sole proximate cause of the incident and is not entitled to recover for his/her alleged injuries.

WHEREFORE, the answering defendants MOYNIHAN STATION DEVELOPMENT CORPORATION, EMPIRE STATE DEVELOPMENT CORPORATION, NEW YORK STATE URBAN DEVELOPMENT CORPORATION, NATIONAL RAILROAD PASSENGER CORPORATION, SKANSKA USA INC., THE RELATED COMPANIES, INC., and THE RELATED COMPANIES, L.P., respectfully pray for a judgment dismissing the complaint against it, granting judgment in its favor on the claim herein, all together with the costs and disbursements of this action, and for such other and further relief as to this Court may deem just and proper.

Dated: Mineola, New York
July 12, 2022

MICHAEL ARMIENTI
ARMIENTI, DeBELLIS & RHODEN, LLP
Attorneys for Defendants
MOYNIHAN STATION DEVELOPMENT
CORPORATION,   EMPIRE   STATE
DEVELOPMENT CORPORATION, NEW
YORK STATE URBAN DEVELOPMENT
CORPORATION, NATIONAL RAILROAD
PASSENGER CORPORATION, SKANSKA
USA INC., THE RELATED COMPANIES,
INC., and THE RELATED COMPANIES,
L.P.
170 Old Country Road, Suite 607
Mineola, New York 11501-4313
(516) 877-1202

FILED: NEW YORK COUNTY CLERK 07/14/2022 12:43 PM
NYSCEF DOC. NO. 6

INDEX NO. 155259/2022
RECEIVED NYSCEF: 07/14/2022

TO:   Meltzer, Fishman, Madigan & Campbell, Esq.
      225 Broadway, Suite 2605
      New York, NY 10007
      (212) 227-1980

FILED: NEW YORK COUNTY CLERK 07/14/2022 12:43 PM

NYSCEF DOC. NO. 6

INDEX NO. 155259/2022

RECEIVED NYSCEF: 07/14/2022

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                                 ) ss.:
COUNTY OF NASSAU      )

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

Deponent, is MICHAEL ARMIENTI of ARMIENTI, DeBELLIS & RHODEN, LLP, the attorneys of record for MOYNIHAN STATION DEVELOPMENT CORPORATION, EMPIRE STATE DEVELOPMENT CORPORATION, NEW YORK STATE URBAN DEVELOPMENT CORPORATION, NATIONAL RAILROAD PASSENGER CORPORATION, SKANSKA USA INC., THE RELATED COMPANIES, INC., and THE RELATED COMPANIES, L.P., defendants in the within action. Deponent has read the foregoing ANSWER and contents thereof. The same is true to deponent's own knowledge, except as to the matters herein stated to be alleged on information and belief; and as to those matters deponent believes them to be true. This verification is made by deponent and not by said defendants because the defendants, upon information and belief:

[   ]    is a governmental agency, pursuant to CPLR Section 3020(d)(2).
[   ]    is a foreign corporation or
[x]    is a corporation, none of whose offices are within the county where your deponent maintains their office.
[   ]    is a partnership, none of the partners being in the county where your deponent maintains their office.
[   ]    is an individual not residing in the county where your deponent maintained their office.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: Mineola, New York
       July 12, 2022

MICHAEL ARMIENTI

FILED: NEW YORK COUNTY CLERK 07/14/2022 12:43 PM
NYSCEF DOC. NO. 6

INDEX NO. 155259/2022
RECEIVED NYSCEF: 07/14/2022

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NEW YORK         )

**ERIK LIDES,** being duly sworn, deposes and says:

That deponent is not a party to this action, is over the age of 18 years and resides in Queens, New York.

That on the _14_ day of July, 2022, deponent served by mail the within: VERIFIED ANSWER UPON:

Meltzer, Fishman, Madigan & Campbell, Esq.
225 Broadway, Suite 2605
New York, NY 10007
(212) 227-1980

which addresses is/are designated by said attorney(s) for purpose, by depositing a true copy thereof, enclosed in a postpaid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

**ERIK LIDES**

Sworn to before me this
_14_ day of July, 2022

Notary Public

MERLE SCHRAGER
NOTARY PUBLIC, STATE OF NEW YORK
NO: 02SC6126090
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES APRIL 25, 20_25_